Baldwin, J.
I think there is no reason to doubt that the plaintiff’s decree in October 1836 was a lien upon the debtor Soule’s equity of redemption under his deed of trust; for though the equity of redemption could not be sold under a fi. fa. and was not extendible, yet the decree constituted an equitable lien thereupon, entitled to priority over subsequent liens by judgment or otherwise. 1 Sugd. on Vend. 542. Haleys v. Williams, 1 Leigh 140. Coutts v. Walker, 2 Leigh 268. This equitable was equivalent to a legal lien, and paramount to the rights, subsequently accruing, of the schedule creditors. Foreman v. Loyd &c. 2 Leigh 284. It placed the plaintiff in the stead of his debtor, and entitled him to have his debt discharged out of the surplus moneys in the hands of the trustees. 1 Sugd. *378 on Vend. 545. And as this right is by force of the lien on equ>ty of redemption, it has relation to the date of the decree. The circumstance that the plaintiff’s elegit was not sued out till after the sale under the deed of trust, is immaterial; for it is the judgment that gives the lien, which lien continues daring the capacity to issue an elegit, except against an elegit actually levied. Coleman v. Cocke, 6 Rand. 629. United States v. Morrison &c. 4 Peters 124.
The retainer claimed by the purchasers out of the. surplus proceeds of the trust sale can be regarded only by way of setoff, and is therefore subordinate to the lien of the plaintiff". The only item of the claim which can have the colour of a lien is the money paid to extinguish a claim of dower in the property; and that must be, if at all, by force of the covenant of warranty in the trust deed. But how can that covenant be applied to the surplus proceeds of the sale ? It was of course no lien upon the property conveyed by the deed, but a personal covenant to secure the title to that property. If the sale had been of enough only of the property to satisfy the trust, the covenant could not have operated as a lien upon the residue; and when the whole property was sold, as a matter of necessity or convenience, the conversion of the surplus from realty into personalty could have no effect upon the question of lien.
If the purchasers have a right to retain the value of the dower right out of the surplus, it must be upon the idea that they did not obtain the whole subject purchased, and so there was a partial failure of consideration. But this is not true in point of fact: they did obtain all that they purchased. They purchased subject to the claim of dower. The trustee sold nothing more than was vested in him by the deed, and with special warranty only. The dower right was not conveyed by the deed, which could not convey or assure *379 a greater right or estate than the grantor might lawfully convey or assure. 1 R, C. of 1819, ch. 99. § 20. p. 368. The purchasers were compensated for the incumbrance of the dower right by the consequently diminished price which they had to pay for the property; and if they are to retain the value of that incumbrance out of the surplus, then (hey will be twice compensated for the same defect of title. I deem it unnecessary to consider whether an action on the covenant of warranty could in any event be maintained by the purchasers, as assignees of the trustee, against the grantor, by treating it as a covenant running with the land. It is certain that they could maintain no such action until after eviction. 4 Kent’s Comm. 471. Mitchell v. Warner, 5 Conn. R. 497. Until then the covenant is unbroken, and the extinguishment of the dower right by purchase can give no right of action against the covenantor, and much less the right to retain out of the surplus proceeds of the trust sale. A covenant of warranty cannot be treated as a covenant against mere incumbrances; and if it could, a covenant against incumbrances is a personal covenant, not running with the land or passing to the assignee.
I think the decree of the chancellor ought to be affirmed.
Allen, J.
Upon the only question in regard to which there is a difference of opinion in the court, it seems to me that the purchaser at the sale made by the trustee is entitled, as assignee of the trustee, to the benefit of the covenants of warranty contained in the deed of trust; that as between the purchaser and the first vendor, the sale is to be considered as though the conveyance had been made directly to the purchaser by the debtor, instead of being made, as it was, through the intervention of the trustee. So regarding the transaction, the purchaser acquired the vendor’s title to the *380 land, with a covenant of warranty to protect him . .. ■ • i » • i • against an outstanding superior title. As against his vendor, he could not be considered as purchasing subject to incumbrances. He had a right to rely on the covenant of the vendor to protect him against such incumbrances, and whenever evicted, could maintain his action on the covenant. His claim, however, to compensation rested in action until eviction. The purchaser, upon the faith of his title and warranty, agreed to give a specific sum for the property. Upon the surplus after satisfying the deed of trust, the lien of the judgment creditor attached before any breach of the covenant of warranty. Having so attached, it could not be destroyed by a subsequent breach, much less by a mere retainer to satisfy an outstanding incumbrance, when there never had been an eviction, and non constabat that there ever would be. I think the decree should be affirmed.
Stanard, J.
The judgment creditors are not contesting before this court the priority that the decree has given to the claim of Toncray, and if they were, that contest would in all probability, under the authority of Foreman v. Loyd &c. 2 Leigh 284. be unavailing. Is the decree right as between Toncray, claiming a lien on the surplus under his decree against Soule, and Findlay the purchaser under the deed of trust, and from whose purchase the alleged surplus, if any, arises ?
That Toncray’s decree formed an equitable lien on Soule’s equity of redemption in the property conveyed by the deed of trust, before the sale under the trust, and on what is properly to be deemed the surplus after the sale, is, I think, free of reasonable doubt. The equity of redemption having been converted before the assertion of the lien, and being represented, when the lien was asserted, by the surplus that might remain after the satisfaction of the claims secured by the trust, *381 it is to that surplus that the lien in this case attaches. It is, I think, equally free from doubt, that this lien overreaches the lien of any creditor of Soule subsequently accruing, either general by subsequent judgment or decree in favour of other creditors, or specific by subsequent conveyance of the debtor. The consequence is that a purchaser under the deed of trust could not, were he a creditor of Soule, absorb by his debt the surplus of such purchase over the debts and charges secured by the trust, unless the debt constituted an elder lien. In other words, unless the debt, even if due to another, would be entitled to priority, a creditor of Soule could not, by becoming a purchaser at the sale under the trust, put his debt in advance of other debts in favour of which there were elder liens, and thereby give a destination to the surplus different from that it would have had if another had been the purchaser.
Applying these principles to the case under consideration, the result would be, that if the abatements claimed by Findlay from the purchase money were in the nature of a retainer or setoff for responsibilities of Soule to him, such abatements ought not to be allowed in derogation of the prior and superior lien which Ton-cray has by virtue of his decree. The question then is, are the abatements claimed by Findlay of this nature ? That which is claimed for the costs of the proceeding for unlawful detainer, is, I think, obviously of this nature, and ought not to be allowed. The claim for interest during the time possession was withheld, (which is in substance a claim for the detention of the possession, the interest being the equivalent for the use and occupation lost during such detainer,) partakes of the nature of the claim for costs incurred to obtain possession; and that too was properly disallowed. But I cannot agree that the abatement claimed for the incumbrances from which the purchaser has had to relieve the property,' is in the nature of setoff of a distinct claim against an *382 amount ascertained to be due as purchase money, so far as the question affects the surplus. To my apprehension, it enters into and forms an essential element in the enquiry (at least so far as respects the ascertainment of a surplus) what is the amount of purchase money that the grantor in the deed of trust, and his judgment creditor claiming under him with an investiture of all his rights and exempt from his independent responsibilities, can justly claim as due from the purchaser ? So entering into that enquiry, the amount of purchase money cannot be correctly ascertained until due allowance is made for these incumbrances; and that only can properly be regarded (at least in equity) as the amount of the purchase money in respect to the debtor, and his judgment creditor claiming his equity of redemption or its avails, which is left after abatement for the incumbrances against which he warranted. The deed of trust conveyed the property with general warranty of the grantor. The deed subjected the properly to be sold, and the surplus of the proceeds which might remain after discharging the enumerated debts was to be paid to the grantor. The trustees held under the deed beneficially for the creditors to the extent of their claim, and for the grantor to the extent of the surplus. In the execution of the trust by sale, the creditors, so far as they were concerned, may be regarded as vendors with special warranty, and to the extent of their interest the purchaser was bound for the purchase, though there might be a defect of title :• and though for that defect the grantor was responsible on his warranty, that could not impair the obligation which the purchaser incurred to the creditors by his purchase. But how is it in respect to the surplus ? The grantor to whom that surplus enured, and under whom it is claimed by his judgment creditor by virtue of the lien of his judgment, was, through the agency of the trustee, vendor with general warranty. Any defect in or *383 incumbrance upon the subject sold was, pro tanto, a . 1 .. ,, i-, failure of the consideration, inseparably connected with the contract of purchase, and operating on the nominal amount of the purchase money, not as a setoff of a distinct liability of the vendor against a liquidated amount of purchase money due from the vendee, but as an essential element to be taken into account in ascertaining the amount of the purchase money originally demandable of the purchaser. Suppose a sale with warranty had been directly made by the grantor, instead of being (as it was) a sale by him through the agency of the trustee, and there were a defect, either from deficiency of quantity or from an incumbrance within the scope of the warranty; would not the responsibility of the purchaser on his purchase, in a suit to charge him with the purchase money, be the amount stipulated to be paid for the full quantity and unincumbered title, minus the amount of the deficiency or incumbrance ? In such a case I think it could not, with any propriety of legal language, be said that the purchaser is indebted the whole price of full quantity and unincumbered title, and the vendor indebted-to him the value of the deficiency or the incumbrance, and that the abatement from the price on account of the deficiency or incumbrance is the setoff of the debt for that against the debt for the purchase. The case supposed and that under consideration are substantially the same. My opinion therefore is, that an abatement should have been made from the nominal amount of the purchase, for the taxes and dower right from which the purchaser has had to disincumber the property, and that the decree, which has denied this abatement, is erroneous.
D'ecree affirmed.