Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that there is no error in so much of the interlocutory decree of the 22d October 1842, as determined that the sale of the personal property made by George M’New, sr. to George M’New, jr. on the 9th October 1840, was fraudulent and void; and decreed that said G. M’New, jr. should surrender said personal property to a commissioner for the sale thereof. And it appearing by the decree of the 14th May 1844, that said G. M’New, jr. had failed to sur *88 render said personal property in obedience to the said decree, the Court is further of opinion that there is no error in so much of said decree of the 14th May 1844, as directed an account to be taken of the value of said personai property.
The Court is further of opinion, that there was no error in so much of said interlocutory decree of the 22d October 1842, as dismissed said bill as against said David M’New: nor in determining that the deed from said G. M’New, sr. to G. M’New, jr., bearing date the 20th April 1835, was fraudulent and void as against the complainant.
But the Court is of opinion, that so much of said interlocutory decree of the 22d October 1842, as directed a sale of the whole of said land, and so much of the subsequent decree of the 14th May 1844, as confirmed the sale thereof, made in pursuance of said interlocutory decree, and directed that the commissioner make a conveyance thereof to the complainant, who was the purchaser, is erroneous. This Court being of opinion, that where a creditor, standing on the lien of his judgment alone, comes into a Court of Equity to remove an obstruction interposed by a fraudulent conveyance in the way of his remedy at law against the legal estate of the debtor, a Court of Equity cannot enlarge his rights so as to reach property not liable at law: the most it has done in such cases, is to expedite his remedy by decreeing a sale of the moiety. Stileman v. Ashdown, 2 Atk. R. 477; same case, same book 607; Haley v. Williams, 1 Leigh 140; M’Clung v. Byrne, 10 Leigh 394.
The Court is further of opinion, that as the answers allege, and there is some proof tending to shew that the debtor was seised and possessed of a tract of 25 acres of land near Saltville in said county, which would have been first liable to said judgment, an enquiry should have been directed, before a decree for sale, to ascertain *89 the fact, and leave given to the plaintiff to amend his bill, to charge said land if owned and possessed by the debtor; and a moiety of the whole land, including (except the sixty acres sold to said D. M’New,) any other lands owned by the debtor, should have been decreed to be sold, embracing in the moiety so decreed to be sold all the land not conveyed by the debtor, and taking only so much of the land conveyed as would, with the land aforesaid, constitute a moiety of the aggregate of the whole.
The Court is further of opinion that as the judgment and execution are admitted by the pleadings, the failure to file copies would not, standing alone, be a ground of reversal, especially as it does not appear that any objection on this account was made in the Court below.
It is therefore adjudged, ordered and decreed, that so much of said two decrees of the 22d October 1842, and 14th May 1844, as is herein declared to be erroneous, be reversed and annulled, with costs to the appellant; and that the sale of said land be set aside.
And it is further adjudged and ordered, that so much of said decrees as is herein declared not to be erroneous, be and the same is hereby affirmed. And the cause is remanded for further proceedings, in order to a final decree, according to the principles hereinbefore declared.