Samuels, J.
This is an appeal from a decree of *337 the Circuit court of Monroe county, in a suit wherein the appellants were complainants, and the appellees were defendants. The hill alleged that each of complainants had obtained a judgment against the defendant Henrietta F. Handly; that a writ of capias ad satisfaciendum was issued on each judgment, on which she was arrested, and afterwards discharged as an insolvent debtor, surrendering no property or debts in her schedule. The bill further alleges, that by the will of the late Mary Ann Handly, land, slaves and other personal property were conveyed to Isaac Campbell in trust for the benefit of said Henrietta F. Handly, then the wife of Alexander Handly, and her family; that the property was still held by the trustee Campbell ; that Alexander Handly the husband was dead; that all or some of the articles which constitute the debts of complainants were necessaries furnished to Henrietta F. Handly and her family, at the instance of Campbell the trustee. The parties Handly and Campbell were the only defendants to the bill. The bill prayed for a sale of Henrietta F. Handly’s interest in the trust estate to pay the debts due complainants, and for general relief.
The defendant Campbell alone answered. He admitted the conveyance in trust, and alleged that he had performed his duties as trustee as fully as he was capable of performing them; that he always deemed it his business to furnish H. F. Handly and her family everything necessary for their support, out of the proceeds of the farm and negroes. He denied the right of complainants to interfere with his execution of the trust; he denied emphatically that any of the articles were furnished at his request; he did not admit that what complainants called the equitable interest of Henrietta F. Handly could be taken or sold to satisfy complainants’ debts, alleging that thereby the whole *338 purpose of the conveyance would be defeated without ^ie action or assent of the grantor or grantee.
Copies of the will of Mary Ann Handly and the codicil thereto, are filed with the bill. The provisions ^lese PaPersJ so far as they are involved in this suit, in substance invest Isaac Campbell as trustee with the title to the plantation on which testatrix resided, containing one hundred and -ninety acres, during the life time of H. F. Handly, the daughter of testatrix; after her death remainder over to such of her children as may be then living. The trustee was directed so to use and conduct the farm or plantation as to be most advantageous to the interests and support of said Henrietta F. Handly and her children during the life time of the said Henrietta., He is also invested as trustee during the life time of said Henrietta, with the title to several slaves and other personal property particularly described, upon the same trusts; and after her death remainder over to her children then living.
The exhibits filed by complainants fully prove their judgments and the discharge of their debtor under the insolvent laws; but there is no proof that the debts or any part of them, were contracted by the authority of Campbell the trustee.
The record nowhere shows the precise number of Henrietta F. Handly’s children; it may, however, be gathered from certain clauses in the will, that they were as many as five in number if no more.
The testatrix obviously intended that the property, real and personal, set apart by testatrix for her daughter and her family, should be kept together for their joint support during the life time of her daughter. The sale of the specific property prayed for could not be made, because no title, legal or equitable therein vested in the debtor; her only interest was in the products of the property. It would be at variance with well settled rules in regard to the preservation of per *339 sonal property held in trust, or property in which there are expectant interests, to expose it to a public sale; thereby scattering it broadcast over the try, and. rendering it impossible to reclaim it the purposes of the trust, or the rights of the expectants shall require its production. I am therefore of opinion the Circuit court decided rightly in refusing to decree a sale of the specific personal property as prayed for in the bill of complainants.
It remains to be considered whether under the prayer for general relief the court should have sequestered Mrs. Handly’s interest in the products of the property, real and personal, or her alleged equitable estate in the subject itself for the benefit of her creditors. If Mrs. Handly had any interest therein subject to her own disposal, or which could be separated from the interests of others without impairing their rights, such interest might, on familiar principles, be subjected to the payment of her debts. Coutts v. Walker, 2 Leigh 268; Haleys v. Williams, 1 Leigh 140. The creditors of an insolvent debtor can derive from the debtor only such interest as he held, and in the language of the statute, may “ lawfully depart withal.”
There is nothing in the nature or law of property which would prevent the testatrix, when about to die, from appropriating her property to the support of her poor and helpless relations, according to the different conditions and wants of such relations; nothing to prevent her from charging her property with the expense of food, raiment and shelter for such relations. There is nothing in law or reason, I conceive, which should prevent her from appointing an agent or trustee to administer her bounty. The difference in the conditions of the benefieiaries necessarily requires a difference in the amounts to be expended on each individual; and the casualties of life may render this inequality still greater. It is impossible to foresee the *340 vicissitudes in affairs, and to provide by will in ad-wince for every event; and no practicable mode exists meet these difficulties but to authorize the appoint-men^ °f some agent, trustee or other person to exerfeise Power which the testatrix is prevented by death from exercising herself. The leading intent here is to support Henrietta F. Handly and her children, and to promote their interests; and the trustee is directed to carry this intent into execution. The duty of supporting a family, especially on a limited amount of property, necessarily requires unequal expenditures upon different members of the family; an infant of tender years is sustained at less expense than an adult; a child in good health will grow and in time be able to sustain itself; whereas another, in a sickly condition, or of unsound mind, may require long continued assistance and the expenditure of large sums of money; all of which clearly fall within the scope of the duty to support the family. The will obviously intends that the property shall be kept together for the life time of the daughter; its products are charged with the unequal and varying amounts necessary to support the beneficiaries: The products of every part of the property are charged with the whole burden, the amount of which can only be known from time to time whilst the trust is in the process of execution. It may be and very ¡irobably is the case that the property, if kept together and economically managed, would do no more than support the family. If, however, Mrs. Handly, either by direct conveyance, or indirectly by' operation of law, can withdraw from the trust property one-sixth part thereof, or any other given proportion, then it must be held that another beneficiary may do the same thing; and thus the charge upon the whole property may be thrown upon a fragment of it. By keeping a small amount of property upon a little farm a family living thereon may be supported; but if *341 divided, the shares of each would be inadequate to his or her support. If testatrix had intended to give equal benefits to her daughter and each child, was easier than to have said so; yet she has not said so; but on the contrary, has conferred benefits which in any event must be unequal and varying from time to time; and which in certain contingencies likely to occur, may become greatly unequal.
The general principles which must give the rule in this case, I conceive to have been firmly established by repeated adjudications of this court. In Coutts v. Walker, 2 Leigh 268, Walker a judgment creditor was not permitted to subject the equitable estate of Patrick Coutts in real property but in strict subordination to the rights of Jane Coutts who held an annuity charged thereon.
In Roanes v. Archer, 4 Leigh 550, a conveyance of land and slaves was made by James Roane, intended, amongst other things: 1st. For the use of himself and Elizabeth his wife during their joint lives. 2d. If Roane should survive his wife then to his use for life. The joint estate of the husband and wife was protected from the husband’s creditors; the husband’s separate estate contingent on the event of surviving his wife, was held liable.
In Scott and wife v. Gibbon, 5 Munf. 86, an equitable intei-est of the husband held jointly with his wife under a deed of marriage settlement, was held not liable for the husband’s debts; the separate interest of the husband created by the deed was held liable to the creditor.
In Markham v. Guerrant & Watkins, 4 Leigh 279, a husband conveyed property in trust for the support of himself and wife and children. The husband, without the assent of the trustee, contracted a debt, and his creditors sought to subject the property of the trust subject to the payment of their demand. It was held *342 by this court that the husband could not directly or indirectly derange the plan of the trust, and thereby injuriously the interests of his wife and children, the other cestuis que trust.
In Perkins' trustee v. Dickinson, 3 Gratt. 335, it was held that an equitable interest of husband and wife, held jointly under a deed made before marriage, should not be subjected to the payment of the husband’s debt.
In no one of these cases did the court proceed upon the ground of any entirety of interest in the husband and wife. In some of them no such entirety existed, if it can exist in regard to merely equitable interests; in every one of them the decision was founded on the reason that the wife’s right jointly with the husband to have the enjoyment of the subject conveyed was invaded; in everyone of these cases the .interest of the husband, if it could be separated from that of his wife without injury to her interests, would promptly have been subjected to his debts.
In our case the amount of property to be expended for any member of the family necessarily depends upon unforeseen occurrences. The testatrix has placed Campbell the trustee in her place, and given him power by means of her property to supply the varying wants of the family. To allow one member of the family to seize upon a given proportion of the property and appropriate it to his or her use, would be to invade the just power of the trustee; and would lead inevitably to injury upon the rights of others.
The only difficulty I have felt in the case grows out of the fact that it is possible, however remotely, that after providing a reasonable support for the family, according to the true intent of the will, a surplus of the products from the trust estate may remain; that surplus should be divided between Mrs. Handly and her children; and her portion held subject to the *343 claims of her creditors. Yet the bill alleges no such case; and if at any time it shall exist, complainants may seek the appropriate relief. I am of opinion the decree rendered in this case will not preclude complainants from pursuing their remedies when a right shall arise, or even if it has already arisen ; and with this explanation, am for affirming the decree.
Moncure, J.
The first question to be considered in this case is, Whether the appellee Henrietta F. Handly, is entitled to any, and if any, what interest in the property devised and bequeathed to the appellee Isaac Campbell, in trust for the benefit of her and her children during her life time, by the will of her mother Mary Ann Handly ?
That the will does not create a naked power, to be exercised or not at the mere option of the trustee, is certain. That it does not confer on him a power of appointment which he may exercise in favor of some, to the exclusion of other objects of the testator’s bounty, or by unequal apportionments among them all, is, I think, equally certain. It creates a plain and naked trust, for the benefit of the said Henrietta F. Handly and her children during her life. She is entitled to the benefits of the trust subject, or an interest in them, during that period; and the only question, I think, is, Whether she is entitled to all the profits, according to the cases of Wallace & wife v. Dold's ex'ors, 3 Leigh 258, and Stinson, ex'or, v. Day & wife, 1 Rob. R. 435 ; or only to an equal portion thereof with each of her children, according to the natural import of the words used in the will, and the construction ordinarily put upon such words ? In my opinion she is entitled only to the latter. The cases of Wallace & wife v. Dold's ex'ors, and Stinson, ex'or, v. Day & wife, were very different from this. There the testator’s daughter was held to be entitled to the whole profits *344 during her life, upon the construction of the clause creating the trust, compared with the context and scheme of the will. And even there, Tucker, ™ the former, and Stanard, J. in the latter case, dissented from the rest of the court, and were of opinion x that the testator’s daughter was entitled only to an aliquot portion with her children. But here the trust is expressly created for the benefit of 'the daughter and her children; and there is nothing in the context or general scheme of the will tending to show that the words of the clause creating the trust were not intended to be used. in their plain and ordinary sense, and to give an equal interest to the daughter and her children in the profits during her life. It is obvious from the whole will that her children were at least as much the objects of the testator’s bounty as herself. It not only creates the trust for their benefit as well as hers during her life, but gives to. them the trust subject itself at her death, and gives them present specific legacies, and makes them and other grand children of the testatrix her residuary legatees. It is difficult to conceive a case in which children would be entitled to the benefit of such a trust, if they be not entitled here. Well may I ask, in the words of President Tucker in Wallace & wife v. Dold's ex'ors, “If the testator really did mean what I think he meant, what plainer words could he have used to convey that meaning ? And if this court decides that these words shall not convey that meaning, what words shall a testator adopt to convey it?” It was resolved in Wild's Case as reported in 6 Coke’s R. 288, and has been hitherto treated as an undeniable position, that under a devise to a parent and children, the children, if there, be any, and if no manifest and certain intent appears in the will to the contrary, will take jointly with their parent by purchase. 2 Jarm. on Wills 312. That resolution governs this case, and Henrietta F. Handly is entitled *345 only to an equal portion with each of her children of the profits of the trust subject during her life.
The next question to be considered is, Whether her interest is liable for her debts, and became vested in the sheriff for the benefit of the appellants when she took the oath of insolvency under their executions ?
Property has certain legal incidents of which it cannot be divested, and all conditions adopted for that purpose are necessarily repugnant and void: One of these incidents is, its liability for the debts of its owner. “ Upon the principle which forbids the disposition of property divested of its legal incidents, it is clear that no exemption can be created by the author of the gift from its liability to the. debts of the donee; and property cannot be so settled as to be unaffected by bankruptcy or insolvency, which is a transfer by operation of law of the whole estate; and it is immaterial for this purpose what is the extent of interest conferred by the gift, the principle being no less applicable to a life interest, than to an absolute or transmissible property. Whatever remains in the bankrupt or insolvent debtor at the time of his bankruptcy or insolvency, becomes vested in the person or persons on whom the law in such event has cast the property.” This is the language used in 1 Jarm. on Wills 816, and it is fully sustained by the authorities therein cited. “ There is no doubt,” as Lord Eldon said in Brandon v. Robinson, 18 Ves. R. 429, “That property may be given to a man until he shall become bankrupt: it is equally clear generally speaking, that if property be given to a man for his life, the donor cannot take away the incidents to a life estate; and a disposition to a man until he shall become bankrupt and after his bankruptcy over, is quite different from an attempt to give it to him for his life, with a proviso that he shall not sell or alien it. If that condition is so expressed as to *346 amount to a limitation, reducing the interest short of a estate, neither the man nor his assignees can have beyond the period limited.” The condition must determine the interest, or it is repugnant and void. continuance of the interest and its exemption from liability for the debts of the owner, is a legal impossibility.
The case of a settlement on a married woman, or in reference to coverture, is an apparent exception to the rule that conditions restraining the power of alienation and exempting property from liability for the debts of its owner, are repugnant and void. But a feme covert can own no property at law: Separate property is a creature of equity. . And as equity confers the power of alienation as an incident to the trust for separate use, it allows the power to be modified as convenience or the exigency of the case may require. “When this court (says Lord Cottenham) first .established-the separate estate, it violated the laws of property as between husband and wife; but it was thought beneficial, and it prevailed. It being once settled that a wife might enjoy separate estate as a feme sole, the laws of property attached to this new estate; and it was found as a part of such law that the power .of alienation belonged to the wife, and was destructive of the .security intended for it. Equity again interfered, and by another violation of the laws of property, supported the validity of the prohibition against alienation.” Tullett v. Armstrong, 4 Mylne & Craig 377, 18 Eng. Ch. R. 404. But this doctrine is not applicable to unmarried women, a restriction on the aliening power of a woman not under coverture, being no less inoperative than a similar restraint on the jus disponendi of a person of the male sex. 1 Jarm. on Wills 830. And even in case of a settlement on a married woman, a restriction on her power of .alienation is confined to the coverture, *347 and begins and ceases with it; so that when she becomes discovert, she has the same' power of disposition over her property as other persons. Id.; Barton v. Briscoe, Jacobs’ R. 603; Jones v. Salter, 2 Russ. & Myl. 208, 6 Cond. Eng. Ch. R. 463; Woodmeston v. Walker, 2 Id. 197, 6 Cond. Eng. Ch. R. 457; and of course it is as much liable for her debts as is the property of other persons for their debts.
It follows from what has been said, that, whatever may have been the case during the coverture of Henrietta F. Handly, after she became discovert, as she seems to have been when she contracted with the appellants and when their judgments were obtained against her, she had power to dispose of her property, and it was liable for her debts; and therefore her interest in the trust subject in question is so liable, and became vested in the sheriff for the benefit of the appellants when she took the oath of insolvency under their executions.
The cases of Markham v. Guerrant & Watkins, 4 Leigh 279, and Perkins’ trustee v. Dickinson, 3 Gratt. 335, are much relied on by the counsel for the appellees. But these were cases of settlements on a feme covert, in which attempts were made by creditors of the husband to subject the separate estate of the wife to the payment of his debts contrary to the intent and purpose of the settlements. They may be sustainable on the ground before stated, that in such settlements restrictions- on the power of alienation and modifications of the legal incidents of property are admissible. When the intent of the settlement is to create a separate estate, it matters not that during its existence the enjoyment of the property is to enure to the husband and children as well as the wife. The main purpose of the. settlement being the support of the wife, and the benefit of her husband and children *348 being mere incidents of that purpose, these restrictions and modifications are as admissible as if the use and enjoyment of the wife alone were provided for. These ' cases may also be sustainable on the ground of the peculiar nature and object of the trusts and of the extent of power and discretion given to the trustees therein.
It can make no difference that the subject in this case, instead of being given to one, is given to several; and, instead of being given to them directly, is given to a trustee for their benefit. The fact that at the date of the will one of the beneficiaries was a feme covert, and others were infants, made it convenient and proper to place the subject in the hands of a trustee during the life time of the cestui que vie. But it is placed in his hands only for the purpose of being so used and conducted “ as to be most advantageous to the interests and support of” all the beneficiaries. No purpose is indicated to give them unequal interests, or to leave the extent of their respective interests to the arbitrary discretion of the trustee. Such a purpose, if intended, should be expressed in the will or be' plainly inferrible from the words therein used. Otherwise the words should be received in their natural and ordinary import, and equality of benefit should be the rule. See 1 Jarm. on Wills 822; 1 Roper on Legacies 794; and Story’s Eq. § 974; and cases therein cited.
■ I am of opinion that the decree should be reversed with costs to the appellants against the appellee Henrietta F. Handly, and the cause remanded, with directions to make her children parties, to take the proper accounts, and to subject her interest in the trust subject, since she took the oath of insolvency, and hereafter during her life, to the payment of the executions of the appellants.
*349 The other judges concurred in the opinion of Samuels, J.
The decree was as follows:
The court is of opinion, that the defendant Henrietta F. Handly, or her creditors deriving title from her, could claim only her ratable portion of any surplus of the products of the trust estate after providing for the support of herself and family; which surplus is not alleged or shown to exist or to be likely to exist.
The court is further of opinion, that if any surplus of such products already exists, or shall hereafter exist, it will be competent for the appellants by proper proceedings for the purpose, to subject Henrietta F. Handly’s portion thereof to the satisfaction of their demands, notwithstanding the dismission of the bill in this case.
The court is therefore of opinion there is no error in the decree appealed from; and it is therefore adjudged, ordered and decreed that the same be affirmed, and that the appellants pay to the appellees their costs about their defence in this court expended.