*DRIVES, J.
This is a bill by judgment creditors of the husband, to set aside as fraudulent a settlement upon his wife. Its allegations are that the husband was wholly insolvent, and that the consideration for the deed of 8th October, 1861, whereby the land therein described was conveyed to a trustee for the separate use of the wife, moved from him alone, and that the deed was the product of a fraudulent agreement between himself and wife to defraud his creditors, and that the husband was in truth the owner of the land conveyed. These charges of fraud are distinctly denied in the answers of both husband and wife. The husband in his answer denies his insolvency; and as proof of his ability as well as intention to provide for his creditors, exhibits his trust deed of 29th August, 1860, by which he dedicated his property, estimated at $2,600, to their satisfaction. He then proceeds affirmatively to state how the settlement came to be made, namely: that the purchase money to the extent of two thousand dollars was derived from the sale of his wife’s undivided interest in her father’s estate to one Thomas J. Roach; and in corroboration thereof, exhibits the will of her father to establish her interest, and also the deed of himself and wife, of 1st November, 1860, conveying this interest to said Roach, and acknowledging the receipt of two thousand dollars therefor. He accounts for the balance of the purchase money to procure the deed to the wife, by stating it was derived from the products of the land. This is the state of the pleadings. No proofs were taken. The court thereupon proceeded to decree, upon default of payment within ninety days, the sale of the land in question.
The question is, therefore, made, whether this decree was not premature, and whether there should not have been a reference to a master to ascertain whether, and to what extent, a good consideration existed for the settlement «'aforesaid; whether there should not have been some account required of the trust fund, so as to fix the amount due; and, finally, whether there should not have been an enquiry, under the ninth section of chapter 186 of the Code, p. 771, into the sufficiency of the rents and profits of said real estate to satisfy these creditors in five years.
It is contended, with much ingenuity, that the deed to Roach imports a conversion to the husband, and extinguishes by the wife’s privity her interest in the fund. This is perhaps so on the face of the instrument; but inasmuch as it discloses the sale of the wife’s contingent interest, it is open in equity to proof that the husband was permitted to receive the fund arising therefrom upon an express trust for the settlement thereof upon the wife. That there was such understanding is rendered probable by the fact that the husband, having by his deed of 29th August, 1860, disposed of all his property for the benefit of his creditors, could scarcely have procured his wife’s assent to the sale of her contingent interest in her father’s estate, and to his receipt of the proceeds, without some *774 agreement on his part to invest it for her separate use. The fraud was responsively denied; it was not proven; and this affirmative statement of the origin and character of this settlement was prima facie corroborated by the exhibits and the facts and dates of the transaction. It was erroneous, therefore, to assume the fraud as established, and to pretermit a reference to the master to report the facts of such alleged settlement.
Judgment creditors are not to be delayed in the enforcement of their liens, unless in conformity with the principles and practices of the court, to which they resort. If the want of a settlement of the trust subject, devoted by the debtor to these creditors, was the only ground for delaying the sale prayed for, it might, perhaps, be disregarded ; but when, on another account, a reference was ^necessary, and no further delay would be incurred, it was proper to direct the trustee to be made a party, and to require him to render his account before the same master to whom the other enquiry had been directed.
In respect to the third and last enquiry suggested, it will be seen, the language of the Code is very clear. After declaring, that “the lien of a judgment may always be enforced in a court of equity,” it does not authorize such court to decree a sale of real estate, or any part thereof, unless ‘it appear to such court that the rents and profits of the real estate, subject to the lien, will not satisfy the judgment in five years.” This enactment was doubtless designed to clear up the difficulties arising under our decisions of Haley v. Williams, 1 Leigh 140; Blow v. Maynard, 2 Id. 29; Tennent’s heirs v. Patton, 6 Id. 196; McClung v. Beirne, 10 Id. 394; and McNew v. Smith, 5 Id. 84, cited by the counsel for the defendants in error; and to fix the grounds and extent of equitable jurisdiction in the enforcement of judgment liens. These cases left it in doubt what were the precise limits of the discretion to be exercised in decreeing satisfaction out of the rents and profits; so that it was peculiarly fit for the Assembly to step in and regulate the matter by positive enactment. This it has done in language clear enough to comprehend all imaginable cases; nor does it seem to me there is any ground to suppose from the report of the revisors, as was ingeniously contended for, that the case of original equitable jurisdiction to set aside a fraudulent conveyance was not designed to be embraced by these terms.
But under the authority of Manns v. Flinn’s adm’r, 10 Leigh 93, it is contended that it is now too late to raise this objection in this court; or rather to treat it as a ground of reversal. That was the case of an interlocutory ^decree where the party having ample opportunity to apply to the court to alter the decree in that particular, and failing to do so, could not object to an affirmance, whereby the cause was remanded, with direction to alter the decree and direct satisfaction out of the rents* and profits, if such alteration be asked, and if the debt can be satisfied out of the rents and profits within a reasonable time. Here, however, for reasons already assigned, this is not a case of affirmance, and there being a necessity for reversing the decree on distinct grounds of error, the principle of this decision does not apply; and the appellant has an excuse for not raising this question below, because the controversy was directed wholly to the liability of this land, to the liens that were asserted by the bill.
Por these reasons, I am of opinion the decree in this cause should be reversed, and the cause remanded with a view to the en-quiries I have indicated.
The other judges concurred in the opinion of Rives, J.
JOYNLS, J.,
read the decree of the court as follows:
The court is of opinion, that before proceeding to declare the conveyance of the tract of land in the proceedings mentioned from Robert A. Lancaster and wife to Wellington Goddin, in trust for the separate use of the appellant, to be null and void as to the creditors of the appellee Henry R. Cronie, the said Circuit Court should have directed an enquiry by a commissioner to ascertain whether or not the appellant united with her husband, the said Henry R. Cronie, in the deed of November 1, 1860, conveying the contingent interest of the appellant under the will of her father to Thomas J. Roach, upon an agreement that the money paid by the said Roach to the said Henrj'- R. Cronie as the consideration of said deed, or any *part thereof, should be invested and secured by the said Henry R. Cronie for the separate use and benefit of the appellant; and if so, whether the said sum, or any part thereof, or an equivalent for it, was applied by said Henry R. Cronie, in pursuance of such agreement, towards the payment of the purchase money of the tract of land aforesaid conveyed by the said Lancaster and wife in trust for the appellant as aforesaid; the court being further of opinion, that if there was such an agreement in reference to the money received by said Henry R. Cronie under the said deed of November 1, 1860, and if the said money, or any part thereof, was, in pursuance of said agreement, applied by said Cronie towards the payment of the purchase money of the said tract of land, then to the extent of the sum so applied, the trust in favor of the appellant created by the deed aforesaid from said Lancaster and wife, is valid against the creditors of said Henry R. Cronie.
And the court is further of opinion, that inasmuch as some of the creditors of Henry R. Cronie, whose claims are reported by the commissioner, are provided for by the deed of trust of August 29, 1860, in the proceedings.mentioned, it would be contrary to equity to allow them to disturb the settlement made upon the appellant by the *775 said deed, of November 1, 1860, until they have exhausted the fund thus provided for the payment of their debts; and it would also be contrary to equity, in case the tract of land aforesaid should not sell for enough to pay all the debts, to allow the creditors thus provided for to participate with other creditors in the proceeds of the sale of such land in proportion to the full amount of their debts, leaving them to resort to the fund provided by the deed of August 29, 1860, for the payment of the residue of their said debts. The court is, therefore, of opinion, that the *said Circuit Court should have required the plaintiffs in that court to amend their bill and make BJ. Moncure, the trustee in the said deed of trust of August 29, 1860, a party defendant, and should have proceeded to take an account of the said trust fund, and to apply the same to the debts provided for by the said deed, so as to ascertain the balances, if anjq remaining due upon the said debts.
And the court is further of opinion, that the said Circuit Court should not have proceeded to decree a sale of the said tract of land, without first ascertaining by evidence, or by an enquiry by a commissioner, in pursuance of the provision of ch. 186, 'i 9 of the Code of 1860, that the debts chargeable upon the said land could not be satisfied by the rents and profits thereof in five years.
The court is, therefore, of opinion, that the said decree of November 8, 1867, and the previous decree of May 4, 1867, are erroneous. Wherefore it is decreed and ordered that the said decrees be reversed and annulled so far as they are hereinbe-fore declared to be erroneous, and that the same be affirmed in all other respects; and that the appellees, except Henry R. Cronie and Wellington Goddin, and except William R. W. Garrett, executor of Rewis W. Garrett, deceased, out of their own estate, and the said William R. W. Garrett, executor of Rewis W. Garrett, deceased, out of the assets of his testator in his hands, pay to the next friend of the appellant his costs by him expended in the prosecution of the appeal aforesaid here. And the cause is remanded to the said Circuit Court for further proceedings to be had therein, in conformity with this opinion and decree. And it is further ordered, that the costs hereby decreed to be paid to the appellants shall, after the same shall have been paid, upon the application of any of the parties who shall have paid the same or any part thereof, be apportioned and distributed by the said ^Circuit Court among the several parties liable for the same under this decree, in proportion to the amount of their respective debts asrej>orted by the commissioner, so that each of said parties shall, as among themselves, bear only his ratable proportion thereof; which is ordered to be certified, &c.
Decree reversed.