1814.

Bell
vs
Brown

From these remarks then, my opinion is, that the court erred in permitting the proceedings in chancery to go in evidence to prove particular facts, but that they, and the deed by the trustees to the assignee of the complainant, were proper evidence to make out the title of the person under whom the plaintiff claims.

I therefore differ in opinion from the court below, on the second bill of exceptions, but as that was pronounced upon irrelevant matter, and not affecting the plaintiff's right who obtained the judgment, that judgment ought to be affirmed.

The prior lien of the bond can have no effect on the legal right to the land, the lien did not divest that legal right, and that having been transferred to the lessors of the plaintiff, he was entitled to recover, still (perhaps) holding it subject to the defendant's prior equitable right.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

DECEMBER.

BELL vs. BROWN's Adm'r.

Where lands, which had been mortgaged, were decreed to be sold on a bill filed in chancery by the mortgagee, and such lands were sold, the proceeds of the sale, if there is a judgment against the mortgagor prior to the mortgage, is first to be applied to the payment of such judgment, that having a preference to the claim of the mortgagee

APPEAL from a decree of the Court of Chancery. The chancellor's opinion sufficiently states the case.

KILTY, Chancellor, (July term 1810.) A bill of revivor has been filed by the complainant, (now appellee,) on a bill filed the 4th of September 1806, by his intestate, against the present defendant, (now appellant,) and N. Brewer. The object of that bill was to have the contract annulled between Brown and the defendant Brewer, who had sold to him the property in question, under a decree of this court in a suit by the defendant, Bell, against a certain W. Brown, on a mortgage held by the said Bell. It will be seen, from the proceedings in that suit, that a claim was made by B. Ogle on a judgment prior to the mortgage, which claim the complainant's intestate had procured an assignment of, and which he had claimed the benefit of, and was about to make use of at law until restrained by an injunction from this court. From the answer of Bell, and the agreement of June 1810, it appears that the whole case is submitted, and the interests of the several parties are to be determined.

By the counsel for Bell it is contended, that Ogle lost his claim by his own negligence, and that the complain-

ant's intestate, having purchased at the sale by *Brewer*, the trustee, with a knowledge of that claim, ought not to be allowed any deduction on account thereof, supposing it to be valid. But the chancellor is of opinion, that the claim of *B. Ogle* was entitled to a preference, and that it is now before the court to be considered in the same manner as if he had been a party to the original bill. *Decreed*, that (the contract not being annulled as is therein prayed,) the injunction heretofore issued be perpetual. *Decreed* also, that the claim of the complainant on the judgment assigned by *B. Ogle* have a preference to the claim of the mortgagor, *Bell*, out of the proceeds of the sale made by the trustee, *Brewer*. From this decree the defendant, *Bell*, appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, and MARTIN, J. by

*Martin*, for the Appellant; and by
*Magruder*, for the Appellee.

DECREE AFFIRMED.

---

WEST vs. J. & B. JARRETT.

DECEMBER.

1814.
West
vs
Jarrett

APPEAL from a decree of the Court of Chancery. The bill of the complainant, (now appellant,) filed on the 27th of January 1806, stated that a tract of land called *Norfolk* was surveyed for one *Mooberry*, and the certificate thereof assigned to the complainant on the 2d of September 1794. That *J. Jarrett*, one of the defendants, (now one of the appellees,) claiming title to the land, the complainant filed a bill against him for relief in equity. The proceedings on that bill was set out as in *West vs. Jarrett*, 1 Harr. & Johns. 538. The bill further stated, that *J. Jarrett*, and *B. Jarrett*, the other defendant, (and the other appellee,) have been in possession of the land ever since the year 1785, and cut down and used the timber therefrom, and taken the rents and profits until the time of executing the deed from *J. Jarrett* to the complainant, but whether they took the profits jointly or separately, the complainant could not tell. That immediately after the reversal of the decree, the complainant obtained possession of the land,

*Margin note:* D W filed a bill in chancery against J J, to preclude him from obtaining a grant for a tract of land, within the lines of which D W claimed land, and in 1801 by decree, J was decreed to convey to D W the land so claimed by him. D W afterwards in 1806, filed a bill against J J and B J, who had been in possession of the land since 1785, for an account of the wood and the timber cut off by them, and for the rents and profits. J J and B J in their answer, stated that they had made considerable improvements on the land, more than the value of the rents and profits, for which they claimed to be allowed, and they relied on the act of limitations as a bar to an account. *Held*, 1. That the former decree for a conveyance, &c was not a bar to this suit. 2. That no allowance ought to be made for improvements, nor any charge allowed for the wood and timber cut from the land. 3. That the act of limitations was a bar to the rents and profits claimed for the three years next preceding the filing the bill.