Judge Roane
pronounced the court’s opinion, as follows :
The court is of opinion, that, as it appears in evidence, in this cause, that the deed of trust in the proceedings mentioned, was executed on or after the first day of the term in which the appellants’ judgment was obtained, and as that judgment relates to the said first day, inclusively, the said deed of trust could not vacate or affect the lien on the land created by the judgment; that, consequently, it was incompetent to exclude the claim of the appellants upon the land thereby conveyed ; and that the right of the trustees under the same ought to be taken in subordination thereto ; that, as the said deed provided, that the said land should be sold to answer the purposes of the said trust, the court is of opinion, that the trustees therein named, should have been decreed to sell the same, and pay, in the first place, the principal sum, interest and costs, due to the appellants by the said judgment, out of the proceeds thereof, after which they should be he'd at liberty to proceed in the execution of their trust; and that there is error in so much of the said decree as dismisses the bill in toto, instead of making the provision respecting the land.
With respect to the personal estate conveyed by the said deed, the court is of opinion, that, as it is competent to a debtor to prefer one bona fide creditor to another not having a lien thereupon, which lien only arises by the delivery of the execution to the sheriff; and as no execution was taken out by the appellants in this case, the court is of opinion, that the appellants have no lien or ground to stand on, either for the purpose of vacating the deed aforesaid, or of being permitted to redeem the said personal property, according to the doctrine established in the case of Shirley v. Watts, 3 Atk. 200 : but this opinion, on this point, is not to bar or affect the right of the appellants, if any, to the residuary money, resulting to the grantor, Stanard, from the sale of the personal estate thereby conveyed.
The court is of opinion, therefore, that, so far as the degree dismisses the bill as to the personal property, it is cor *542 rect; but that it was erroneously dismissed as to the land, for the reason before assigned ; and that, instead thereof, it should have made the, provision herein before mentioned, in favour of the appellants.
Decree reversed, and cause remanded to the Court of Chancery, to be reformed pursuant to the principles of this decree.