## FULTON AND OTHERS *v.* ROSEVELT.

Where the person who prosecutes a suit in the name of an infant, *as* his next friend, is insolvent, he will be compelled, on the application of the defendant, to give security for costs.

A suit may be commenced in the name of an infant without his knowledge or consent. The court, however, on a proper application, will refer it to a master to ascertain whether such suit is for the benefit of the infant and if the master reports that it is not for his benefit, will stay the proceedings.

A suit cannot be brought in the name of a feme covert without her consent; and when brought with her consent, the *prochien amy* may be changed on her application, the person substituted giving his security for the costs already accrued.

*It seems an infant, who has no means of indemnifying a responsible person for costs, will be permitted to sue by his next friend in *forma pauperis.*[1] The court however will, in the first place, see there is probable cause for the proceeding, and will appoint a proper person as *prochien amy.*

[*179]

ON an affidavit that the *prochien amy* was insolvent, and that the suit had been commenced by him without the knowledge of the infant, a motion was made on the part of the defendant to change the *prochien amy,* or that all proceedings be stayed until security for costs was given. August 25th.

*J. Rosevelt,* for the motion :—If the defendant is entitled to costs he may have an attachment for them against the *prochien amy* or guardian ; (1 Str. 548 ; Barnes, 128 ;) or, it seems, he may sue out execution, even a *ca. sa.* against the infant himself, whether he have sued by *prochien amy* or not. (2 Str. 1217 ; 13 East, 6.) If the *prochien amy* or guardian be not responsible, the court will order the appointment of another person in his place. (2 Str. 708.) A *prochien amy* must be a person of substance, because he is liable for costs. (1 Atk. 570 ; 3 Bac. Abr. 619 ; Wyatt, 223.) In the case in 2 P. Wms. 297, the motion was to

[1] Leave to defend will not be given, until a guardian *ad litem* is appointed. *Matter of Byrne,* 1 Edw. 41.

stay proceedings until security was given, or another *pro-chien amy* named, which motion was refused. But the application there was not made until the defendant had answered, and the plaintiff was also a feme covert.

*M. C. Patterson*, for the complainants:—A bankrupt complainant cannot be compelled to give security for costs. The court will not remove a *prochien amy* who is in indigent circumstances. (*Squirrel* v. *Squirrel*, 2 Dickins, 765; 1 Ves. jun. 409; 2 Peere Wms. 297; 1 Str. 708.) A bill may be filed by a *prochien amy*, without the consent of the infant.

THE CHANCELLOR:—It is not necessary for the person prosecuting a suit in the name of infants, to show that the same was commenced with their knowledge or consent. Any person may bring a suit in their name, as their next friend, because he does it at his peril. (*Andrews* v. *Cadock*, Prec. in Chan. 376.) The only check upon this general license *is, that on a proper application the court will refer it to a master to inquire whether such suit is for the benefit of the infants; and if the master reports that it is not for their benefit, or that it is not for their interest that it should be prosecuted by the particular person who has instituted the suit, the court will order the proceedings to be stayed. (*Dacosta* v. *Dacosta*, 3 Peere Wms. 140; *Sullivan* v. *Sullivan*, 2 Mer. Rep. 40.) In this respect it differs from a suit brought in the name of a feme covert. Such a suit cannot be brought without her consent; and when brought with her consent, the *prochien amy* may be changed on her application, the person substituted giving security for the costs already accrued. (*Lady Lawley* v. *Halpen*, Bunb. Rep. 310.)

The important question in this case is, whether a person who is insolvent and wholly irresponsible shall be permitted to prosecute in the name of infants without giving security for the costs to which the defendant may be subjected. In the case of *Squirrel* v. *Squirrel*, (Dicken's Rep.

[*180]

765, 2 Peere Wms. 297 note, S. C.,) cited by the complainant's counsel, Lord Hardwicke refused to stay the proceedings in a suit by a feme covert against her husband, on an affidavit that the *prochien amy* was insolvent. But in that case, the application was not made till after the answer of the defendant was put in; which, of itself, was a sufficient answer to the application for security for costs. (1 John. Ch. Rep. 202; 3 John. Ch. Rep. 520.) And Lord Thurlow afterwards intimated that an infant might prosecute by a next friend who was insolvent. (Anonymous, 1 Ves. jun. 409.) Neither of these cases are binding as authority upon this court. On the contrary, all the cases before the revolution hold a different language. In the case of *Wale* v. *Salter*, (Moseley's Rep. 47,) the Master of the Rolls required a *prochien amy* who was insolvent to give security for costs; and it was there said a similar order had been made the preceding day by the Lord Chancellor. The same principle was afterwards recognized by him in another case, although he refused to require security merely because the next friend was privileged from arrest. (Anonymous, Mosely's Rep. 86.) And in a subsequent case, at the roll, it was held that *it was not necessary the next friend should be a relation, only a person of substance, because he was liable for costs. (Anonymous, 1 Atk. Rep. 570.)

Perhaps, in a proper case, on an application to the court, an infant who had no means to indemnify a responsible person for costs, might be permitted to sue by his next friend, *in forma pauperis*. I see no objection to such a proceeding, though Lord Eldon intimated it could not be done. But in such a case the court would, in the first place, see that there was probable cause for the proceeding, and appoint a proper person to prosecute the suit as *prochien amy*.

In this case, the next friend must give security to the defendant to answer the costs of the suit, in such sum and with such sureties as shall be approved of by one of the masters of this court, within thirty days after notice of the

order, or the bill must be dismissed; and in the meantime, all proceedings therein must be stayed until such security is filed.