LANE v. The HENRY BUCK. See Case No. 8,048.

LANE (HUDGINS v.). See Case No. 6,827.

---

## Case No. 8,052.

### LANE v. LUDLOW. DORR v. SAME. WILSON v. SAME. HAMILTON v. SAME. REDDY v. SAME. McSORLY v. SAME.

[2 Paine. 591.] [1]

Circuit Court, Second Circuit. [2]

Equity—Equitable against Strict Legal Right—Agreement to Sell Land — Vendee's Equitable Interest—Judgment-Creditor against Vendee.

1. Where complete justice can be done, courts of equity will protect an equitable right against a strict technical legal right. Therefore, though a judgment obtained subsequent to a contract for the sale of land, in a strict legal view of the case, becomes a lien on the land, yet if justice can be done both to the judgment-creditor and the purchaser. equity will control the effect of the judgment so as to protect the equitable right.

2. The view which courts of equity take of agreements to sell land is, that the seller becomes a trustee for the purchaser.

3. A valid contract for the sale of land, bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time; and a judgment obtained by a third person against the vendor between the time of the making of the contract and the payment of the money, cannot impair or defeat the equitable interest thus acquired by the vendee.

4. Where a valid agreement for the sale of lands had been made between A. and B., and A. had taken possession of the land and made valuable improvements thereon, but before any part of the consideration-money had beeen paid or deed executed, C. obtained a judgment against B.; upon a bill filed by A., to obtain an injunction to restrain C. from proceeding to obtain satisfaction of his judgment, it was held, that as the purchase-money had not been paid. and it did not appear but that the sale was for the full value of the land. and the judgment-creditor would, be equally benefited by taking the purchase-money, as he would be by executing the judgment, upon A.'s paying into court the purchase-money and interest, he would be entitled to protection against the judgment, and a perpetual injunction was granted accordingly.

[Cited in Lebanon Sav. Bank v. Hallenbeck, 29 Minn. 325. 13 N. W. 146.]

[These were bills filed by Mathis Lane, Robert B. Dorr, Robert Wilson, William Hamilton, Owen Reddy, and Thomas McSorly, each against Thomas W. Ludlow, administrator, &c., for injunction and other relief.]

[1] [Reported by Elijah Paine. Jr., Esq.]
[2] [District and date not given. 2 Paine includes cases decided from 1827 to 1840.]

THOMPSON, Circuit Justice. The material facts in each of these cases, so far as the questions now before the court are involved, are essentially the same. The bills are filed to obtain injunctions to restrain the plaintiff from proceeding at law, on executions to obtain satisfaction of a judgment recovered by the defendant's intestate against William Bayard, out of certain lands in the possession of the complainants, and which they had purchased of William Bayard before the judgments were obtained, though the deeds were not executed until afterwards.[1]

It is admitted that such contracts were made between Bayard, or his agent, and the purchasers, as, together with the part performance on the part of the purchasers, by taking possession and making valuable improvements, before the judgment against Bayard was docketed, constitute valid contracts for the land within the statute of frauds, and entitle the complainants to demand conveyances according to their contracts. Deeds have been executed since the judgment. No part of the consideration-money has been paid; but bonds and mort-

---

[1] Judgment liens are matters purely legal, and depend upon statutory provisions. If such liens fail at law, they cannot be extended in equity. Douglass v. Huston, 6 Ham. [Ohio] 162. A judgment-creditor acquires no lien in equity upon the choses in action of his debtor, until a bill is filed to charge them. The oldest equity is always preferred. Id. A payment on a judgment discharges the lien on the land to the extent of the payment, and the lien cannot be restored by any subsequent agreement between the parties. De La Vergne v. Everton, 1 Paige, 181. Where there are several judgment-creditors, and the land is sold under a prior mortgage, the holder of the eldest judgment, as against the others has no greater lien upon the surplus moneys, than he had upon the equity of redemption before the sale. Id. The old statute relating to the lien of judgments, and the provisions upon the same subject in the Revised Statutes, are substantially the same; and under the old law, a senior judgment loses its lien at the expiration of ten years, as to all judgments recovered, or mortgages given in the meantime, and after that period it becomes a junior judgment. Mower v. Kip, 2 Edw. ch. 165. A revival by scire facias is of no effect to save it from the operation of the statute, and it creates no new lien except for the costs of the proceedings. Id. Although a judgment be ten years old, yet, as to an assignment for the benefit of creditors made afterward by the debtor, it retains its priority; the assignee not being a purchaser, nor the assignment an encumbrance, within the meaning of the statute. Id. Judgments do not bind lands after twelve months from the date, unless execution be taken out within that time, or an entry of elegit be made on the record. Eppes v. Randolph, 2 Call. 125. If several creditors, by judgments of different dates, resort to a court of equity for satisfaction out of an equitable interest of their debtor in real estate, they are to have satisfaction out of the fund according to the order of their judgments in point of time, the elder being entitled to priority over the younger. Haleys v. Williams, 1 Leigh, 140. In equity, judgments are liens on the whole of the equitable estates in lands, so that not a moiety only, but the whole fund, is first to be applied to satisfy the elder judgment, and not a moiety only, but the whole of the residue is then to be applied to satisfy the younger judgment. Id. Whether, if there be two judgments of different dates, and elegits on each, and a moiety of the debtor's land be extended on the elder, the whole instead of half only of the other moiety be not properly extendible on the younger judgment; quaere. Id. A judgment has relation to the first day of the term at which it is rendered, and this relation is allowed in equity as well as at law. Coutts v. Walker, 2 Leigh, 268; Mutual Assur. Soc. v. Stanard, 4 Munf. 539. A judgment-creditor has a lien, in equity, on the equitable estate of the debtor, in like manner as he has a lien at law on his legal estate. Id. A judgment is obtained against a debtor, and then the debtor aliens his lands to divers alienees, by divers conveyances: held, all the debtor's lands in the hands of the several alienees are alike liable to the judgment-creditor, and the lands in the hands of the several alienees must contribute pro rata, to satisfy the judgment. Beverley v. Brooke, 2 Leigh, 426. The proceeds of mortgaged lands sold under a decree of foreclosure will be first applied to the payment of incumbrances existing prior to such mortgage, as a prior judgment. Bell v. Brown s. Adm'r, 3 Har. & J. 484. The lien of a judgment on the lands of a party, relates back to the commencement of the term when it was obtained. Mutual Assur. Soc. v. Stanard, 4 Munf. 539, 541. The lien of a judgment is good for the interest which may accrue on it, as well as for the principal debt. Sims v. Campbell, 1 McCord, Eq. 56; S. P., Winslow v. Ancrum, Id. 105. But a judgment is no lien upon money. Huntingdon v. Spann, 1 McCord, Eq. 167. Judgments do not take priority of prior unrecorded mortgages. Hampton v. Levy, Id. 107, 114. The revival of a judgment by scire facias within ten years after docketing thereof, will not continue or extend the lien of the judgment beyond the ten years, as against purchasers or encumbrancers whose rights accrued subsequent to the entry of the original judgment. Mower v. Kip, 6 Paige, 88. A judgment recovered in the district or circuit court of the United States for the Northern or Southern district of New York, is a lien upon lands throughout the state, for the term of ten years from the time of docketing such judgment, in conformity to the local law of this state. Manhattan Co. v. Evertsan, 6 Paige, 457. It seems that a judgment in favor of the United States, recovered in one of the federal courts out of the state of New York, is not a lien upon lands within the state, although, by a law of the United States, an execution upon such judgment may be issued against the defendant's property in any state. Id. A judgment continues to be a lien on real estate after the expiration of the ten years, as against the defendant in the judgment, or his grantee, without valuable consideration, but not as against bona fide purchasers or encumbrancers. Mohawk Bank v. Atwater, 2 Paige, 54. In chancery, the general lien of a judgment is controlled by equity, so as to protect the rights of those who are entitled to an equitable interest in the lands or in the proceeds thereof. White v. Carpenter, Id. 217. A party who has a specific equitable lien on real property, or the proceeds thereof, is entitled to a preference over the general lien of a creditor under a subsequent judgment. Id. A judgment, as soon as it is docketed, becomes a general lien at law on all the real estate of the debtor, not only against himself, but also against all others deriving title through or under him, subsequent to such judgment. Morris v. Mowatt, Id. 586. The lien, however, may in some cases be displaced by the execution of a power which overreaches the judgment. Id. But if a purchaser, acquiring a title under the execution of such power, has notice that the power is improperly or inadequately executed, a court of chancery will enforce the lien of the judgment as against such title. Id. So the lien of a judgment may

gages given to secure the purchase-money, according to the terms of the contracts. The complainants offer to pay the money into court, upon being protected against the judgment. William Bayard died insolvent, and his executors are made parties defendants, and submit to the court whether the proceeds of the bonds and mortgages ought not to be paid to them, to be distributed among his creditors in due course of administration. It cannot be denied but that the legal title was in Bayard when the judgment was obtained against him, and that, in a strict legal view of the case, the judgment became

---

be removed by a decree of the court of chancery, where the judgment debtor holds the legal estate in the land merely as a naked trustee for another, or where there is a subsisting equitable claim against the premises which is prior, in point of time, to the lien of the judgment. Id. The lien of a judgment-creditor upon the lands of his debtor, is subject to all equities which existed in favor of third persons against such lands at the time of the recovery of the judgment. Kiersted v. Avery, 4 Paige, 9. The court of chancery will ‘protect the equitable rights of third persons against the legal lien of a judgment, and will limit such lien to the actual interest which the judgment debt has in the estate. Id. A judgment at law is not a lien upon a mere equitable interest in land. Bogart v. Perry, 1 Johns. Ch. 52; S. P., 17 Johns. 351; same case on appeal. A sale under a second or junior judgment, is not of itself a waiver of the plaintiff's rights under the first or elder judgment. Shotwell v. Murray, 1 Johns. Ch. 512. And where the plaintiff was present at the sale, and was silent as to the elder judgment, this was not considered as amounting to a fraud on a purchaser at the sale, particularly where that purchaser had actual notice of the existence of the elder judgment. Id. A judgment, after the original debt has been fully paid, cannot be kept on foot to cover new and distinct engagements between the parties. Troup v. Wood, 4 Johns. Ch. 247. A bond and judgment confessed thereon by the makers of a note, discounted by a company not authorized to discount, for the indemnity and security of the endorsers, being bona fide and without a fraudulent intent to evade the law, are valid. Parker v. Rochester, Id. 329. A decree in equity is deemed equivalent to a judgment at law, as to the distribution of assets. Thompson v. Brown, Id. 636. Courts of law have an equitable jurisdiction over judgments entered by confession upon warrants of attorney. Brinkerhoff v. Marvin, 5 Johns. Ch. 324. A judgment, as well as a mortgage, may be taken to secure future responsibilities. But it seems that responsibilities incurred after a subsequent judgment to a third person will not be covered by the prior judgment. Id. Where a creditor has separate judgments against each of two partners, the partnership property is bound to the same extent as if there had been one judgment for the whole against both partners. Id. Judgment confessed and process issued during the term, and levied within ten days, postponed to a judgment of the same term at a subsequent day, on process pending at the commencement of the term, though not levied on within ten days. Riddle v. Bryan, 5 Ham. [Ohio] 48. It is well settled, as a general rule, that the lien of a judgment upon the land of the debtor, relates back to the commencement of the term at which the judgment was obtained, and overreaches a deed of trust on the land executed by the debtor on or after the first day of the term. But the term is not considered as necessarily commencing on the day appointed by law for its commencement. A deed admitted to record on the day appointed for commencing the term, but before the day the court actually commences its session, will be unaffected by the lien of the judgment. Skipwith's Ex'rs v. Cunningham, 8 Leigh, 272. The construction given to the statute Westm. II. 13. Edw. I. c. 18, adopted by analogy, and applied to the act of 1810 (chapter 160), requires that judgment at law, from the time of the rendition, should be liens on equitable estates in real property, and are recognized as such in courts of law. Miller v. Allison, 8 Gill & J. 35. When a fi. fa. on a junior judgment is levied on an equitable interest on the lands of the debtor, and subsequently a fi. fa. on a senior judgment comes to the sheriff's hands, the senior judgment must be first satisfied. Id. A decree in chancery equally with a judgment at law creates a lien on lands. Scriba v. Deans [Case No. 12,559]. A judgment, with a stay of execution, creates no lien on land until the plaintiff has a right to issue execution thereon. Id. Equity will not connect a deed of mortgage with judgments in order to preserve an original lien. Id. The lien on lands created by a judgment, is given by the statute which authorizes an elegit, and the lien depends upon the right to sue out an elegit. Bank of United States v. Winston [Id. 944]. A judgment operates as a lien on the real estate of the defendant. This lien is co-extensive with the territorial jurisdiction of the court which renders the judgment. It is not a lien upon after-acquired land, conveyed before levy. Roads v. Symmes, 1 Ham. [Ohio] 312. A judgment in a justice's court is no lien on lands, nor is an execution, until actual levy. Jackman v. Hallock, Id. 319. A. made a verbal contract for the purchase of a town lot, and during his absence from the country, B. partly with his own money, but principally with A.'s property, completed the contract for A., and took the deed in the name and for the benefit of A.; held, that A.'s subsequent ratification of B.'s acts rendered the lot, as his property, liable, from the date of the deed, to a judgment against him in favor of B. Elliott v. Armstrong, 2 Blackf. 198. A judgment is no lien on land which the debtor holds by bond, conditioned for the execution of a title on payment of the purchase-money, though he had taken possession and paid the money before the rendition of the judgment; and a sheriff's sale on execution against the obligee, of land so held, conveys no estate to the purchaser. Modisett v. Johnson, Id. 431. A judgment against a man who has contracted to purchase land, and has taken a bond from the vendor to make titles, and has paid part of the purchase-money, does not bind this equitable title, which is incomplete and may be rescinded by the parties if done without fraud; especially where the agreement was, that if the money was not paid by a particular day, the bond to make titles should be void, and the payment was not made, no such estate vested in the purchaser as could be subjected to the judgment. Barton v. Rushton, 4 Desaus. Eq. 373. Where certain lands, upon which a judgment is a lien, are advertised for sale under such judgment, part of which lands have been previously sold by the debtor, and there are other lands of the debtor unsold, but the lien of the judgment would expire before such other lands could be advertised and sold, the owner of the judgment in such case would not be bound, upon the requisition of the purchaser from the debtor, to abandon the sale of the lands so advertised. James v. Hubbard, 1 Paige, 228. The proper course for such purchaser would be to offer to pay the amount of such judgment, and take an assignment of the same, and then, by filing a bill against all the parties before the expiration of the lien of the judgment, it seems such purchaser would be able to preserve the lien so far as to compel contribution upon equitable principles. Id.

a lien on the land; but the purchasers had a complete prior equitable right to the lands, and the question is, whether a court of equity will protect such equitable right against a strict technical legal right; and I think it will, in cases like the present, where justice can be done both to the judgment-creditor and the purchaser. The purchase-money has not been paid, and there is no suggestion but that the sale was for the full value of the land. The judgment-creditor is, therefore, equally benefited by taking the purchase-money as he would be by executing his judgment against the land. It is not an unusual course, in courts of equity, to control the effect of judgments obtained subsequent to a contract for the sale of the lands, although the judgment may be a legal lien (3 Ves. 576; Hurst v. Hurst [Case No. 6,931]); and the reason sometimes assigned why courts of equity will establish an agreement to sell land against a judgment-creditor is, that the judgment, although a lien, is not a specific lien on the land; that is, the creditor did not go on the security of the land, but trusted to the general credit of the debtor and his estate; and, in equity, general creditors are considered bound by a particular equity, and are not so much favored as one who has obtained a specific lien, on the faith of which he advanced his money (1 P. Wms. 276; 2 Ves. Jr. 262, 263). The view which a court of equity takes of such agreements to sell lands is, that the seller becomes a trustee for the purchaser. In the case of Finch v. Earl of Winchelsea (1 P. Wms. 278), it was laid down arguendo, and which is stated to have been admitted and affirmed by the lord chancellor, that if a trustee confess a judgment, though at law it is a lien upon the estate, yet in equity it cannot affect it, because the estate in equity does not belong to the trustee, but to the cestui que trust; that if one articled to purchase an estate, and paid his purchase-money, and afterwards the person who agreed to sell acknowledged a judgment to a third person, who had no notice, yet this judgment should not in equity affect the estate, because, from the time of the articles and payment of the money, the person agreeing to sell would become a trustee for the purchaser. Lord Chancellor Cowper, in pronouncing his opinions, seems, in some measure, to qualify the rule, but not so as to affect its application to the case now before the court. Articles made, says he, for a valuable consideration, and the money paid, will, in equity, bind the estate, and prevail against any judgment-creditor mesne betwixt the articles and the conveyance; but this must be when the consideration paid is somewhat adequate to the thing purchased; for if the money paid is but a small sum in respect of the value of the land, this shall

not prevail over a mesne judgment-creditor. The case of Hampson v. Edelen (2 Har. & J. 64), decided in the court of appeals of Maryland, is directly in point. It arose upon an application for an injunction to enjoin proceedings on a judgment and execution at law; and the doctrine laid down by the court is, that a contract for land bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time. When the money is paid according to the terms of the contract, the vendee is entitled to a conveyance; and a judgment obtained by a third person against the vendor, mesne the making the contract and the payment of the money, cannot impair or defeat the equitable interest thus acquired, nor is it a lien on the land to affect the right of such cestui que trust. I have not before me the Maryland statute with respect to the lien of a judgment at law, but presume it is substantially the same as the statute of this state. Here the judgment is not considered as transferring any title to the judgment-creditor, but only as creating a general lien or security on the land of the debtor (7 Johns. 376; 1 Paige, 128); and in the Maryland case above referred to, it is said the judgment is a lien on the land of the debtor, and attaches on it as a fund for its payment; but the legal estate in the land is not vested in the judgment-creditor.

I am, accordingly, of opinion, that the complainants respectively, on paying into court the purchase-money and interest, are entitled to protection against the judgment, and that the injunction in each case must be made perpetual. And I can see no ground upon which the executors of William Bayard are entitled to this money in preference to the judgment-creditors against whom the bills have been filed. The executors submit to the court, whether this money ought not to be paid to them, to be distributed among the creditors of William Bayard, in due course of administration; but no facts are placed before the court, showing the nature or character of the debts, or anything from which the court can judge of and determine the rights of such creditors. There does not appear, at all events, to be any other judgment-creditors. The money must, accordingly, be paid over to the administrator named in these proceedings.

[The case of James McSorlay against the defendant above differs from these cases in that McSorlay actually paid the purchase-money to Bayard at time of getting deed. The injunction in the latter case was made perpetual. Case No. 8,927.]