Hoy *v.* Bramhall.

---

HOY, appellant, and BRAMHALL and others, respondents.

1. A mortgage which is satisfied by the payment to the mortgagee of the money it was made to secure, may be kept alive by the mortgagor, to secure an indebtedness to a third person, where the rights of creditors or third persons have not intervened.

2. Where a mortgagor, indebted also to a third person, procures the assignment of the mortgage to such third person, who pays the mortgagee, as the consideration of the assignment, a portion of the mortgage debt—the mortgagor giving the mortgagee his note for the balance—under an arrangement that the assignee shall hold the mortgage for the amount paid by him for the assignment, and for the residue of the principal sum named therein, as security for the other indebtedness of the mortgagor to him, the mortgage will be good in the hands of the assignee as against the mortgagor for the full amount of the principal sum named therein, the delivery by the mortgagor of the mortgage so assigned giving it a new vitality as to him, the effect of which he is estopped in equity from controverting; but as against encumbrancers or grantees of parts of the mortgaged premises, intermediate the making of the mortgage and its assignment, the assignee can hold it only for the amount he paid to the mortgagee for the assignment.

3. If by the terms of the sale of part of the mortgaged premises by the mortgagor, the mortgage is to remain a common charge upon the whole, and to be paid by the mortgagor and the purchaser, without any specific agreement as to the proportion which each one is to pay, they must contribute according to the relative value of each one's part.

4. Where a mortgagor sells a portion of the mortgaged premises, and in the deed of conveyance expresses that the same is "subject to the payment by the said grantee of all existing liens upon said premises," the effect of this charge is to make the part so conveyed the principal debtor for a proportionate part of the mortgage debt, and the mortgagor a surety only.

5. Where a prior mortgagee, with notice of several successive alienations of parts of the mortgaged premises, releases that part which in equity is

Hoy *v.* Bramhall.

primarily liable for the payment of his mortgage debt, he will not be permitted to charge other portions with the payment of his mortgage, without deducting from the amount due the value of the part released.

6. The notice of such subsequent alienation or encumbrance may be actual or constructive, but the recording of a second deed or mortgage will not operate as constructive notice to a prior mortgagee.

7. The general doctrine is, that whatever puts a party upon inquiry, amounts in judgment of law to notice ; provided, the inquiry became a duty as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding.

8. B. being indebted to a bank in a sum exceeding $10,000, in 1861, executed to the bank a bond and mortgage for that sum, as collateral for his then indebtedness, and for any future indebtedness that might occur. In 1865, B. sold portions of the mortgaged premises to K., and in his deeds of conveyance it was expressed, that the same were made *subject to the payment by the grantee of all existing liens on said premises.* In 1866, the bank, at the request of B., assigned the bond and mortgage to H. At the time of the assignment B.'s indebtedness to the bank was $10,000, of which $7500 was paid by H., and for the balance of $2500 B. gave his note to the bank, which he subsequently paid.    B. then owed H. $90,000, and the mortgage was assigned to H. to indemnify him for the $7500 he paid the bank, and for the balance as collateral to secure in part the indebtedness of B. to him.    B. subsequently sold other parts of the premises embraced in the mortgage, and procured from H. a release to the purchasers, of the lien of the mortgage, and H. received the proceeds of such sale and applied them on the unsecured indebtedness of B. to him.    In the instruments of release it was expressed, that the residue of the mortgaged premises was retained for the payment of the mortgage indebtedness.    B., at the time of executing this release, had notice of the sale to K.    *Held—*

*First.* That as against B., the mortgagor, the mortgage was good in the hands of H. for the full sum of $10,000, and that H. was not required to deduct from the principal sum therein mentioned, the sum received by him of the proceeds of the sale of the part of the premises released.

*Second.* That as against K., or his grantee, W., the mortgage could only be held for $7500, the amount paid by H. to the bank when he took the assignment of the mortgage, deducting a proportionate part of the value of the portions of the mortgaged premises released, but that in taking the account W. must, under the charge in the deeds to K., account for his proportionate part of the $2500 paid by B. to the bank at the time of the assignment of the mortgage, to be calculated on the basis of the relative value of the part of the mortgaged premises conveyed to him, to the value of the whole mortgaged premises at the date of the conveyance by B. to K.

The defendant, Bramhall, in 1861, was the owner of a tract of land in Hudson, which had been laid off in town lots, marked on a plot called map of Sherwood, Hudson county, New Jersey. Being indebted to the Mechanics and Traders Bank of Jersey City, for discounts at the bank, he executed and delivered to the bank, on the 15th of May, 1861, a bond and mortgage for the sum of $10,000, as collateral security for his then indebtedness, and also for any further indebtedness that might occur. On the 19th of February, 1866, the bank, at the request of Bramhall, assigned the bond and mortgage to James Hoy, the complainant, and received from him the sum of $7500, as the consideration of the assignment, which they applied on the then indebtedness of Bramhall to the bank. The mortgage in question covered nineteen of the lots marked out on said map. On the 30th and 31st of May, 1865, after the execution and delivery of the complainant's mortgage, but before its assignment to the complainant, Bramhall, by three several deeds of conveyance, conveyed to one Henry M. Kinne seventeen of the lots marked on said plan. Among these seventeen lots conveyed to Kinne, were eight lots which were included in the complainant's mortgage. The relative position of the mortgaged premises, and the premises included in the deed is this, eight of the lots are common to both, eleven of them are in the mortgage and not in the deed, and nine are in the deed and not in the mortgage.

At the time of the delivery of the mortgage to the bank, Bramhall's indebtedness to them was $36,406.17. At the time of the assignment to the complainant, his indebtedness was $10,000, which was reduced, by the credit of the $7500 paid by the complainant, to $2500, which sum of $2500 Bramhall himself subsequently paid to the bank. When the mortgage was assigned to the complainant, Bramhall was indebted to him in the sum of $90,000, which still remains unpaid, except as to the sum of $1550, realized from the sale of a portion of the mortgaged premises.

The conveyances to Kinne were in four deeds of absolute

conveyance in fee simple; but it is admitted that they too were, in fact, only mortgages to secure the payment of $25,000, which Bramhall owed to him, and for which he held his notes. On the 3d day of January, 1866, Kinne, by a deed of conveyance, conveyed to the defendant, Worthington, the premises described in the several deeds made by Bramhall to him. The deeds to Kinne were recorded in the proper office, on the 21st of October, 1865, which was prior to the assignment of the mortgage to the complainant. Subsequently to the assignment, Bramhall sold five of the lots embraced in the complainant's mortgage, and the complainant released those lots 'from the lien of his mortgage, and received the whole consideration realized from the sale, about $1550.

The opinion of the Chancellor is reported *ante, p.* 74.

*Mr. Ransom,* for appellant.

*Mr. I. W. Scudder,* for respondents.

The opinion of the court was delivered by

DEPUE, J.

The rights of the complainant must be considered in a two-fold aspect: first, as against Bramhall, the original mortgagor; and, secondly, as those rights are affected by the equities of the defendant, Worthington.

*First.* As regards the rights of the complainant against Bramhall. The assignment by the bank to the complainant of the bond and mortgage, is absolute, and assigns, transfers, and sets over to him the mortgaged premises, and the bond and all moneys due and to become due thereon.

The assignment was made at the instance of Bramhall, who informed the complainant at the time of the assignment, that the mortgage was a good and valid mortgage for the sum of $10,000, and interest. The complainant claims to

Hoy v. Bramhall.

hold the mortgage for the principal sum named therein, with interest, to secure the $7500 paid by him as the consideration of the assignment, and the balance above that sum as collateral security for Bramhall's ·indebtedness to him, under an arrangement to that effect made between him and Bramhall, at the time of the assignment, as an inducement to obtain his aid in discharging the indebtedness to the bank. I am satisfied from the evidence and the circumstances attending the transaction, that such an arrangement was made. There is nothing illegal in the use of an outstanding mortgage by the mortgagor, for the purpose of obtaining the money on it of a third person, to discharge the original indebtedness it was made to secure either in whole or in part, or as collateral to secure an existing indebtedness to such third person. Such transactions are matters of frequent occurrence. Where a mortgagor applied to a third person for an advance of money to enable him to take up his mortgage, promising to give him the same security. for such money as the mortgagee then held, and upon receiving the money paid it to the mortgagee and took an assignment of the mortgage from him to such third person, it was held, that the mortgage was not discharged, and that the assignee was entitled, as against a mortgagee intermediate to the making of the mortgage and its assignment, to hold the same as security for the money thus advanced. *White* v. *Knapp*, 8 *Paige* 173; *Graves* v. *Mumford*, 26 *Barb.* 95. This principle is equally applicable against a mortgagor who uses the mortgage as security for an indebtedness distinct from that which it was originally made to secure, whatever the effect may be as concerns third persons who have acquired interests in the mortgaged premises intermediate the making of the mortgage and its subsequent use, to secure a different indebtedness. Although a mortgage may have been paid, yet on a valuable consideration it may be kept alive for other purposes, when the rights of creditors and third persons have not intervened. *Purser* v. *Anderson*, 4 *Edward's C. R.* 17; *James* v. *Morey*, 2 *Cow.* 247. The assignment will

carry the title to the mortgage. The delivery of the mortgage so assigned by the mortgagor, gives it a new vitality, and in equity he will be estopped from denying that it is entitled to the effect his own act was intended to give to it.

After the assignment to the complainant the defendant, Bramhall, sold and conveyed five of the lots embraced in the complainant's mortgage, for the consideration of $1700. The amount received from this sale, after deducting expenses, was $1550, which was paid to the complainant, and the complainant executed a release to Bramhall of the premises so sold, from the lien of the mortgage, and applied the proceeds realized to the payment of the indebtedness of Bramhall to him. The bill charges that the instrument of release contained the following clause: "retaining the remainder of the said mortgaged premises for the payment of the mortgage indebtedness." There was no appropriation of the amount received to reduce the amount for which the mortgage should stand as collateral; and an indebtedness remaining above the amount of the mortgage, the complainant, as between himself and Bramhall, was still entitled to retain the mortgage as collateral to secure such indebtedness to the full amount of the sum specified in the mortgage.

*Second.* It is conceded that, if the attitude of the defendant, Worthington, with reference to the complainant's mortgage, was simply that of a subsequent encumbrancer or grantee of part of the mortgaged premises, the complainant's mortgage being held by the bank, when he acquired his rights, as collateral for Bramhall's indebtedness to the bank, the complainant could not hold it under his assignment for a sum greater than the amount he actually advanced towards satisfying that indebtedness; the balance due to the bank on the mortgage being paid by the mortgagor. *Yelverton* v. *Shelden,* 2 *Sandf. C. R.* 481; *Marvin* v. *Vedder,* 5 *Cow.* 671; *De La Vergne* v. *Evertson,* 1 *Paige* 181; *Truscott* v. *King,* 2 *Seld.* 147; *Mead* v. *York, Ibid.* 449; *Large* v. *Van Doren,* 1 *McCarter* 208; *Moore* v. *Vail,* 2 *Beas.* 296.

But the position of the defendant, Worthington, is changed,

and his rights materially affected, by the stipulations in the conveyances from Bramhall to Kinne, for that part of the mortgaged premises held by him. In the conveyance, of the date of May 30th, 1866, after the *habendum* clause, and before the covenants, the following clause is inserted, " subject, however, to the payment *by said grantee* of all existing liens upon said premises;" and in a like position in the deed of May 31st, 1865, " this conveyance is made subject, nevertheless, to the payment *by said party of the second part* of all existing liens on said premises."

It may be that the language of the stipulations in these deeds, with reference to the complainant's mortgage, is not sufficient to create a covenant on which a strictly personal liability may be based; but the effect is clearly that stated by the Chancellor, to make the part conveyed subject to its proper proportion of the encumbrances, so as to relieve to that extent that part of the mortgaged premises retained by the mortgagor, by force of which the lots conveyed and those retained must contribute towards discharging the common burthen, according to their relative values.

The general rule is, that where several parcels of land are charged with a common burthen, that burthen shall be shared by all. Equality, in that respect, is equity.

To this general rule there are several exceptions, prominent among which is, that where a mortgagor conveys away part of the mortgaged premises, the portion retained is primarily liable for the payment of the mortgage debt. This exception is, however, founded on equitable principles, and has no application where the encumbrance is, by agreement between the mortgagor and his grantee, made a charge upon the granted premises, either in the whole or in part. If, by the terms of sale, the mortgage is to remain a common charge upon the whole, and to be paid by the mortgagor and purchaser without any specific agreement as to the proportion which each one is to pay, they must contribute according to the relative value of each one's part. *Mickle* v. *Woodward,* opinion of Chancellor Williamson, October Term, 1822, *Halst.*

3 B *

*Dig.* 635 ; *Wikoff* v. *Davis,* 3 *Green's C. R.* 224 ; *Engle* v. *Haines,* 1 *Halst. C. R.* 186 ; *S. C., on Appeal, Ibid.* 632.

Can the complainant avail himself in this case of the benefit of that charge ?   So far as relates to the $7500 paid to the bank on the debt for which the mortgage was collateral to the bank, it is not necessary that he should resort to that charge for his protection.   He only needs its aid to enable him to build upon it a right as to the residue of the mortgage above that sum.   In *Klapworth* v. *Dressler,* 2 *Beas.* 62, where the charge amounted to a covenant by the purchaser to assume and pay the mortgage debt, the mortgagee was allowed, in proceedings for the foreclosure of the mortgage, the benefit of the covenant, by a decree that the purchaser should pay the deficiency of the mortgage debt which might remain after the sale of the mortgaged premises.

The grounds of his decision are stated by the learned Chancellor, by whom that case was decided, to be, that where a grantee in a deed covenants with the grantor to pay off an encumbrance subsisting upon the premises, if the grantor is personally liable for the payment of the encumbrance, the grantee, by virtue of the agreement, is regarded in equity as the principal debtor, and the grantor as surety only ; and that, in equity, a creditor is entitled to the benefit of all collateral obligations for the payment of the debt, which a person standing in the situation of a surety for others has received for his indemnity, and to relieve him or his property from liability for such payment.

The principle upon which *Klapworth* v. *Dressler* was decided is applicable to this case.   The effect of the charge in the deeds to Kinne, is to make the lands conveyed to him the principal debtor for a proportionate part of the mortgage debt, and Bramhall a surety only. *Jumel* v. *Jumel,* 7 *Paige* 591 ; *Cherry* v. *Monro,* 2 *Barb. C. R.* 618 ; *Ferris* v. *Crawford,* 2 *Denio* 595.   The mortgage debt, when the deeds were made, was the sum of $10,000, for which the bank also held the bond of Bramhall.   By the assignment of the bond and mortgage, under the circumstances above stated, they

became, as against Bramhall, available securities in the hands of the complainant, for the full amount of the principal sum therein stated. At the time of the assignment, Bramhall had a lien upon the premises conveyed to Kinne, for a proportionate part of that mortgage debt, in exoneration to that extent, of the residue of the mortgaged premises and of his personal liability on his bond. In equity, that security enures to the benefit of the complainant.

The deeds to Kinne, though absolute in form, in fact were mortgages to secure an indebtedness of Bramhall to him. It is suggested that that circumstance will impair the effect of the charge contained in the conveyances, by reducing the grantee from the position of a grantee in fee to that of a mere holder of a subsequent encumbrance. That result will not follow. The deeds are absolute on their faces, and there is no evidence that the complainant knew of the secret arragement between Bramhall and Kinne, by which the conveyances were to be regarded in the light of mortgages. In the absence of such notice, the complainant is entitled to have whatever of benefit or advantage may accrue to him from the fact that the conveyances are absolute conveyances in fee.

When the complainant executed releases of the five lots which were embraced in his mortgage and not included in the Kinne deeds, the deeds to Kinne were on record. Where a mortgagee, with notice of several successive alienations of parts of the mortgaged premises, releases that part which is primarily liable in equity for the payment of the mortgage debt, he cannot be permitted to charge other portions of the premises with the payment of the mortgage, without deducting from the amount due, the value of the part released. *Blair* v. *Ward*, 2 *Stockt.* 119; *Guion* v. *Knapp*, 6 *Paige* 35; *Gaskill* v. *Sine*, 2 *Beas.* 400. The equity which entitles a second mortgagee to the benefit of a release executed by a prior mortgagee, arises only where the first mortgagee gave the release, with a knowledge of the existence of a second encumbrance. *Van Orden* v. *Johnson*, 1 *McCarter* 376. The notice of the subsequent encumbrance may be actual or con-

structive.  2 *White and Tudor's Lead. Cas.* 272; *Stuyve-sant* v. *Hall*, 2 *Barb. C. R.* 151; *Howard Insurance Co.* v. *Halsey*, 4 *Seld.* 271; *Gouverneur* v. *Lynch*, 2 *Paige* 300. The recording of a second mortgage will not, however, operate as constructive notice of its existence to a prior mortgagee. *Blair* v. *Ward*, *Van Orden* v. *Johnson*, *Howard Insurance Co.* v. *Halsey*, cited above; *Reily* v. *Mahan*, 1 *Beas.* 59. The general doctrine is, that whatever puts a party upon an inquiry, amounts in judgment of law, to notice, provided the inquiry became a duty, as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact, by the exercise of ordinary diligence and understanding. 4 *Kent.* 179. The ground upon which the title acquired by a prior registry of a deed is lost, in case of notice to the second grantee, is, that it is a fraud in the second grantee to take a deed, knowing or having reason to suspect the existence of the prior title. *Holmes* v. *Stout*, 2 *Stockt.* 419.    In *Jones* v. *Smith*, 1 *Hare* 43, Vice Chancellor Wigram resolves the cases in which constructive notice is established, into two classes: first, cases in which the party charged has had actual notice that the property in dispute was in fact charged, encumbered, or in some way affected, and the court has thereupon bound him with constructive notice of facts and instruments, to the knowledge of which he would have been led by an inquiry after the charge, encumbrance, or other circumstance affecting the property, of which he had actual notice; and, secondly, cases in which the court has been satisfied, from the evidence before it, that the party charged had, designedly, abstained from inquiry, for the very purpose of avoiding notice.    The complainant admits, that before he executed the release, he knew that Bramhall had disposed of most of the property embraced in his mortgage.    That knowledge was sufficient to put him upon inquiry, and amounts to constructive notice of the existence of the deeds to Kinne, of which he might have had actual knowledge, if he had pursued the usual course of examining the registry of deeds.    He must, therefore, in favor of the defendant

Worthington, account for and credit on his mortgage, a proportionate part of the value of the lots released.

The conclusions are: that as against Bramhall, the complainant is entitled to a decree for the whole principal sum of $10,000 mentioned in his mortgage, with the interest thereon, without deducting the value of the five lots released; that as against the defendant Worthington, the complainant is entitled to hold the mortgage, only for the sum of $7500—the amount paid by the complainant to the bank—with interest, deducting a proportionate part of the value of the five lots released; but that in taking the account, Worthington must, under the charge in the deeds to Kinne, account for his proportionate part of the $2500 paid by Bramhall to the bank at the time of the assignment of the mortgage—said proportionate part to be calculated on the basis of the relative value of the eight lots conveyed to Kinne, to the value of the whole mortgaged premises at the date of the conveyance by Bramhall to Kinne.

In making the decree, the deeds to Kinne are to be considered as mortgages. The equities of the other defendants, Bumsted and Roberts, who also hold portions of the mortgaged premises under conveyances from Bramhall, have not been considered. Whatever equities they have, can be protected in the final decree.

The decree appealed from is reversed, and the record remitted to the Court of Chancery.

The whole court concurred.