## CHARLESTON.

### WOMER v. RAVENSWOOD S. & G. R'Y CO.

Submitted June 15, 1892.—Decided December 10, 1892.

1. APPEAL—CERTIORARI.
   The case of *Long* v. *Railway Co.,* 35 W. Va. 333 (13 S. E. Rep. 1010) approved and reaffirmed.

2. APPEAL—CERTIORARI.
   Where an appeal is a matter of right, the efflux of the time within which it may be taken is stopped by the filing of the appeal-bond ; but, where the appeal depends upon discretion or allowance, the time of limitation runs until the application or petition for appeal is presented.

Warren Miller and V. B. Archer counsel for plaintiff in error.

I.—*Petition filed in time.*—35 W. Va. 333.

II.—*Jurisdiction.*—30 W. Va. 328, 329.

III.—*Erroneous instruction.*—27 W. Va. 736, 736; 14 S. E. Rep. 264, 265; 29 W. Va. 98; Beach Cont. Neg. 58, 59; Thomp. Neg. 1157 (n.); 1 Shearm & Redf. Neg. § 61; 35 W. Va. 402, 403.

IV.—*Servant assumes all ordinary risks.*—27 W. Va. 285, 300; 29 W. Va. 107.

V.—*Servant continuing in employment after danger discovered.*—29 W. Va. 98, p't 8, syll.; 27 W. Va. 285, p't 5, syll.

VI.—*No promise to remove danger.*—14 S. E. Rep. 264.

VII.—*Defendant in error and his foreman had equal knowledge of danger.*—66 Mich. 277; 101 N. Y. 520; 137 Mass. 243.

VIII.—*No recovery for mere accidents.*—17 Am. & Eng. R. Cas. 521.

IX.—*Servant must provide for his safety.*—139 Mass. 587.

X.—*Servant assumes risks apparent to one of ordinary intelligence.*—45 N. W. Rep. 807; 65 Am. Dec. 222; 71 Am. Dec. 298; 140 Mass. 245; 122 U. S. 189; 27 W. Va. 285; 29 W. Va. 98.

N. C. Prickett and W. A. Parsons attorneys for defendant in error.

I.—*Motion to dismiss.*—Code c. 5, s. 164; 13 S. E. Rep. 1010; 24 W. Va. 517; 27 W. Va. 540; 5 S. E. Rep. 867.

II.—*Relation.*—2 Leigh 276–279; 4 Gratt. 407.

III.—*No jurisdiction.*—28 W. Va. 815; Const. Art. VIII, ss. 3, 12.

IV.—*Fellow servant.*—24 W. Va. 38; 27 W. Va. 145; 30 W. Va. 798.

V.—*Order of Superior.*—14 Am. & Eng. Ency. L. 857; 12 Fed. Rep. 600; 17 Fed. Rep. 67; 8 N. Y. 717; 1 S. E. Rep. 863–869; 14 S. E. Rep. 361; 14 Fed. Rep. 564; 21 Fed. Rep. 906.

VI.—*Contributory Negligence.*—27 W. Va. 147; 14 Am. & Eng. Ency. L. 845; 4 S. E. Rep. 211; 2 S. W. Rep. 3.

VII.—*Known danger continued.*—5 S. E. Rep. 777.

VIII.—*Defendant liable even if plaintiff contributed to injury.*
26 W. Va. 732.

LUCAS, PRESIDENT:

On the 21st day of September, 1891, one E. T. Womer, the appellee here, commenced an action for damages against the Ravenswood, Spencer & Glenville Railway Company before a justice of Jackson county, and on the 26th of October following the case was tried before a jury, a verdict rendered in three hundred dollars for the plaintiff, and judgment rendered accordingly by said justice for three hundred dollars with interest from that date until paid, and the costs of said action, in favor of said Womer, and against the appellant.

During the November term, 1891, of the Circuit Court of said county, which convened on the 2d day of the month and year last aforesaid, the defendant presented to said Circuit Court its petition praying that a writ of *certiorari* might be awarded by said court to cause the said judgment and proceedings had in said action before said justice to be removed into the Circuit Court, where the whole matter might be reviewed, for the reasons stated in said petition.

On the 17th day of November, 1891, the said Circuit Court made and entered its final order and judgment upon said application and petition for writ of *certiorari*, presented as aforesaid, whereby it was considered by the Circuit Court that the said petition and the prayer thereof be disallowed and overruled, and that said writ of *certiorari* be refused. Thereupon a writ of error was allowed the defendant below, and the case comes here for review.

The record discloses that the petition for a writ of *certiorari* was presented to the Circuit Court, in open court, on the 17th of November, 1891, just twenty two days after the judgment of the justice was rendered. In the case of *Long* v. *Railway Co.*, reported in 35 W. Va. 333 (13 S. E. Rep, 1010) we held: "In applying to the Circuit Court for a writ of *certiorari* to the judgment of a justice under chapter 110 of the Code, the general rule is that the petitioner must present his petition within ten days after the

judgment complained of is rendered, according to the analogy of appeals in section 164, c. 50, of the Code. But it may, and in proper case should, be granted after the expiration of ten days, and within ninety days after the date of the judgment, when the party otherwise entitled to the writ shall show by his own oath or otherwise good cause for his not having applied for such writ within the ten days."

That case rules this and renders it necessary to affirm the judgment of the Circuit Court.

Where an appeal is a matter of right, the expiration of the period within which it is limited is marked by the giving of the appeal bond. See Code 1868, c. 135, §§ 2, 3, *etc.*, and Code 1891, c. 50, § 163. Where the appeal is a matter of discretion and allowance, the presentation of the petition marks the point of time at which the limitation ceases to run. Code 1891, c. 135, §§ 1, 2, *etc.* As is explained in *Long v. Railway Co., supra,* in certain exceptional cases, the limitation of ten days after the date of the judgment may be extended to ninety days, when the party applying shall show, by his own oath or otherwise, good cause for his not having applied within the ten days. In the present case, no such cause, nor any cause, is shown for delay, and hence the case must be governed by the general rule, and not by the exception.

It is contended, however, that the term of the Circuit Court being, by legal intendment, but one day, the presentation of the petition must relate back to the first day of the term, which began on the 2d day of November, 1891—some seven or eight days, only, after the date of the judgment.

At common-law, for certain purposes, the term was considered but one day, and all judgments and decrees entered during the term bore date as of the first day. In Virginia this legal fiction, though at first combated, became firmly established, and has always prevailed, until, as with us, it has become engrafted upon the Code of the State. Code Va. 1887, § 3567; *Society* v. *Stanard,* 4 Munf. 539; *Coutts* v. *Walker,* 2 Leigh 268; *Skipwith* v. *Cunningham,* 8 Leigh 271; *Withers* v. *Carter,* 4 Gratt. 409; *Brockenbrough* v. *Brockenbrough,* 31 Gratt. 599.

In the leading case of *Coutts* v. *Walker*, 2 Leigh 268, affirming the case of *Society* v. *Stanard*, 4 Munf. 539, the point was elaborately argued by counsel of great ability and learning; and the opinion of the court, delivered by Judge GREEN, contains all the substance of what has since been written on the subject, insomuch that in the later case of *Skipwith* v. *Cunningham, supra,* Judge TUCKER regretted that the court had allowed a re-argument of the question.

All the cases, however, from the leading English case of *Wynne* v. *Wynne,* 1 Wils. 39, down, recognize as an exception "where it appears that the plaintiff's case was not in a condition for a judgment on the first day, if the court had been prepared to hear it, and some further proceeding was indispensably necessary to mature his case for judgment." *Withers* v. *Carter,* 4 Gratt. 407.

Even, therefore, were the present case, in its general nature, one in which the rule could be properly applicable, nevertheless, in this instance, it would come within the exception, because on the first day of the term it was not in a condition to be tried. In fact, on the first day of the term there was no such case as subsequently arose by petition for a writ of *certiorari,* and before the filing of the petition no judgment could possibly have been rendered. For these reasons, we can discover no error in the judgment complained of, and the same must be affirmed.

AFFIRMED.

---

# CHARLESTON.

37 291
41 403

